IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| SAFRON HUOT,<br><br>                Plaintiff,<br><br>vs.<br><br>MONTANA STATE DEPARTMENT OF CHILD AND FAMILY SERVICES; et al.,<br><br>                Defendants. | CV 17–45–BU–BMM-JCL<br><br>FINDINGS &<br>RECOMMENDATION |

**I.**    <u>**Introduction**</u>

Before the Court is Plaintiff Safron Huot's motion requesting leave to prosecute this action in forma pauperis under 28 U.S.C. § 1917(a). Because Ms. Huot has made the requisite showing, her motion is properly granted. IT IS SO ORDERED.

At this juncture, the Court is obligated to examine Ms. Huot's complaint to determine whether the Court should exercise jurisdiction over the subject matter of her claims. Review of Ms. Huot's complaint reflects that she seeks to challenge in

-1-

this federal forum the termination of her parental rights by the courts of the state of Montana.

Ms. Huot's complaint indicates she has filed an identical complaint in the United States District Court for the District of Columba, and apparently numerous other United States District Courts throughout the country. Two such cases – one from the Southern District of West Virginia and one from the Eastern District of Missouri – have been transferred to this District pursuant to 28 U.S.C. § 1406(a). Those cases were filed in this Court in a single case, CV-17-46-BU-JCL, and have since been consolidated with this case. Because all of the events giving rise to Ms. Huot's complaint evidently occurred in the state of Montana, venue is proper in this District. 28 U.S.C. § 1391(b).

Construing Ms. Huot's complaint liberally,[1] she advances a claim under 42 U.S.C. § 1983 for injunctive and monetary relief, thus invoking federal question jurisdiction under 28 U.S.C. § 1331. The Court turns to analyze whether it may assert federal question jurisdiction over Ms. Huot's claims.

## II. Background

The factual background underlying the termination of Ms. Huot's parental

---

[1] See *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) ("inartful pleading" of pro se litigant to be liberally construed).

rights to her twin children is extensively detailed in two Montana Supreme Court decisions and will not be repeated here, except as necessary to inform the discussion.[2]

The termination proceedings began in the Montana Third Judicial District Court, Anaconda-Deer Lodge County in early 2011. *In re B.J.T.H.*, 314 P.2d at 912. Ultimately, Ms. Huot's parental rights were terminated by presiding District Judge Ray J. Dayton on September 12, 2012, after Ms. Huot signed a voluntary relinquishment of her rights to both children. Permanent legal custody of the children was awarded to the Montana Department of Health and Human Services ("DPHHS"). *Id.* at 913. Ms. Huot appealed.

On appeal, the matter was remanded to the District Court for a determination as to whether Ms. Huot had received the statutorily required counseling before the District Judge accepted her voluntary relinquishment or, in the alternative, whether good cause existed to waive the requirement. *Id.* at 915. After conducting an evidentiary hearing, the District Judge found the DPHSS had complied with counseling provisions of Mont. Code Ann. § 42-2-409. *In re B.J.T.H.*, 340 P.3d at 561. On appeal the Montana Supreme Court upheld the District Judge's conclusion and affirmed the termination of the parent-child

---

[2] *In re B.J.T.H.*, 314 P.3d 911 (Mont. 2013); *In re B.J.T.H.*, 340 P.3d 557 (Mont. 2015).

relationship between Ms. Huot and her two children. *Id.* at 562.

Ms. Huot names as defendants, the DPHHS, the Montana Supreme Court, the Third Judicial District Court, District Judge Dayton, numerous attorneys who represented the DPHHS and Anaconda Deer Lodge County in trial and appellate proceedings, and a variety of individuals who appear to have been witnesses at trial. By way of relief she seeks, inter alia, to have the decision of the Montana Supreme Court effectively overturned, her parental rights restored and an award of damages in excess of $500 million.

## III. Analysis

The "domestic relations" doctrine generally precludes the federal courts from engaging in the adjudication of matters involving domestic relations like child custody disputes. See *Akenbrandt v. Richards*, 504 U.S. 689, 703 (1992). It remains unclear, however, whether the doctrine extends to all constitutional claims arising in the family law area. See e.g., *Troxel v. Granville*, 530 U.S. 57 (2000). But in this case, the Court need not weigh in on this issue because the "Rooker-Feldman doctrine" precludes this Court from exercising jurisdiction over Ms. Huot's claims.[3]

---

[3] The "Rooker-Feldman doctrine" is named after the Supreme Court's decisions in *Rooker v. Fidelity Trust Co.,* 263 U.S. 413 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

The Rooker-Feldman doctrine dictates that a federal district court does not have jurisdiction to review a state court judgment. The doctrine is predicated upon the conclusion that because federal district courts are courts of original jurisdiction only, they – unlike the United States Supreme Court – do not possess appellate jurisdiction to review final state court judgments. *Feldman*, 460 U.S. at 416.

Here, Ms. Huot is clearly seeking to have this Court review the judgment of the Montana Supreme Court affirming the trial court's termination of her parental rights. As explained, jurisdiction to do so does not lie with this Court.

## III. <u>Conclusion,</u>

Although a district court should ordinarily grant a pro se plaintiff leave to amend if the complaint can possibly be cured by additional factual allegations, *Doe v United States*, 58 F.3d 494, 497 (9th Cir. 1995), "[d]ismissal without leave to amend is proper if it clear that the complaint could not be saved by amendment." *Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042, 1051 (9th Cir. 2008). Here, based on the Rooker-Feldman doctrine, any amendment by Ms. Huot would be futile and, therefore, it is unnecessary to give her an opportunity amend her complaint. See *Leadsinger, Inc. v. BMG Music Publishing*, 512 F.3d 522, 532 (9th Cir. 2008).

For the reasons discussed, this action should be dismissed for lack of

jurisdiction.

Ms. Huot is advised that pursuant to 28 U.S.C. § 636(b), she has fourteen days within which to file written objections to the these Findings & Recommendation.

DATED this 5th day of September, 2017

Jeremiah C. Lynch
United States Magistrate Judge