IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| SAFRON HUOT, | CV 17-45-BU-BMM-JCL |
| | CV 17-59-BU-BMM-JCL |
| Plaintiff, | CV 17-60-BU-BMM-JCL |
| | CV 17-61-BU-BMM-JCL |
| vs. | CV 17-69-BU-BMM-JCL |
| MONTANA STATE DEPARTMENT OF CHILD AND FAMILY SERVICES, et al., | ORDER, and FINDINGS AND RECOMMENDATION |
| Defendants. | |

Plaintiff Safron Huot, appearing pro se, commenced each of the cases referenced in the caption above to, in substance, appeal a decision of the Montana Supreme Court to this federal court. But the Court dismissed each case for lack of jurisdiction – a federal court does not possess jurisdiction over a litigant's pleading requesting that the court review a state court decision.

After the dismissal of these cases Huot filed a motion in each case titled "Motion for a Mistrial/Change of Venue/Removal and Replacement of Magistrate Judge". She requests (1) a "mistrial" be declared on the grounds of "Obstruction of Justice", (2) the cases be transferred to the "District of Great Falls", and (3) the undersigned United States Magistrate Judge be removed from presiding over the

1

cases. In substance, Huot asserts "obstruction of justice" has occurred because she has not been heard on the merits of her claims in these several actions in which she alleges her parental rights were unlawfully and wrongfully terminated in the courts of the State of Montana. But each of Huot's requests in her motion lack merit.

**Request for Mistrial**

Because an Order of dismissal has been entered in each case following the Court's screening of the allegations under 28 U.S.C. § 1915 and without a trial, a "motion for a mistrial" is inapplicable. Instead, Huot's motion for a mistrial can only be construed as a motion for relief from a judgment or order under Fed. R. Civ. P. 60(b) which lists specific grounds for relief. Although Huot apparently seeks relief from the Orders of dismissal for lack of jurisdiction, she identifies no actionable ground for relief other than to merely complain that she has not been heard on the merits of her claims. But absent this Court's jurisdiction over the substance of her pleading, the Court simply does not possess the authority to hear the merits of Huot's claims. Therefore, IT IS HEREBY RECOMMENDED Huot's motion for a mistrial, construed as a Rule 60(b) motion, should be DENIED as lacking any basis in fact or law.

**Change of Venue**

Huot next requests that venue for these cases be changed to Great Falls,

Montana. But since the cases have been dismissed for lack of jurisdiction, the proper venue for further proceedings is moot. Therefore, IT IS HEREBY ORDERED the motion is DENIED.

**Removal or Recusal of Judge**

Finally, Huot requests the undersigned be removed from presiding over these several actions. She states only that she wants her claims to be "heard, in front of a Judge, and Jury, with No Connections To the Butte and Anaconda Area."

The Court construes Huot's request as a motion for recusal which must be decided by the judge whose impartiality is being questioned. *In re Bernard*, 31 F.3d 842, 843 (9th Cir. 1994). But for the reasons stated, Huot's motion is denied.

Huot's motion is construed as a motion for my disqualification under 28 U.S.C. § 455 (a) and (b). The statute requires disqualification for the appearance of partiality, or if a judge has a personal bias or prejudice for or against a party. *See Hasbrouck v. Texaco, Inc.*, 842 F.2d 1034, 1045-46 (9th Cir. 1987). What matters under § 455(a) "is not the reality of bias or prejudice but its appearance." *Liteky v. United States*, 510 U.S. 540, 548 (1994). The test for disqualification under § 455(a) is an objective one, pursuant to which recusal is appropriate if "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality

3

might reasonably be questioned." *United States v. Hernandez*, 109 F.3d 1450, 1453 (9th Cir. 1997).

Under the circumstances of these cases – having proceeded only to a preliminary screening under 28 U.S.C. § 1915 and dismissed for lack of jurisdiction as a matter of law – no reasonable person could conclude that my impartiality could reasonably be questioned. Therefore, Huot has not presented any ground for my removal or disqualification, and IT IS HEREBY ORDERED that her motion is DENIED.

DATED this 29th day of January, 2018.

_____
Jeremiah C. Lynch
United States Magistrate Judge